UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS JAVIER ESCOBAR
VILLATORO,

    Petitioner,

v.                                                       Case No: 8:15-cv-1134-T-36TBM

ELEXIS MARTINEZ FIGUEREDO,

    Respondent.
_____/

## **ORDER**

This cause comes before the Court upon the Respondent Elexis Martinez Figueredo's ("Respondent") Motion for Stay of Judgment Pending Appeal (Doc. 32). Petitioner Carlos Javier Escobar Villatoro ("Petitioner") opposes the Motion (Doc. 31). The Court, having considered the Motion and being fully advised in the premises, will now DENY the Motion.

**I.  BACKGROUND**

This dispute arises over the retention of minor child SEM in the United States by Respondent, her biological mother. Petitioner, SEM's biological father, filed a petition pursuant to the Hague Convention and the International Child Abduction Remedies Act ("ICARA") seeking the return of SEM to Guatemala, where she had been residing prior to her removal to the United States. After convening two hearings, the Court granted the petition and ordered that SEM be returned to Guatemala for any custody proceedings. In so doing, the Court found that Petitioner had established by a preponderance of the evidence that SEM was habitually resident in Guatemala at the time of her removal; that Petitioner had joint custody rights over SEM that were being breached by Respondent's continued retention of SEM in the United States; and that Petitioner was exercising his joint custody rights at the time of SEM's removal. The Court also found that

Respondent had failed to establish to the requisite degree of proof the affirmative defenses of consent or grave risk of harm/intolerable situation.

Respondent now moves to stay the Court's judgment pending appeal.

## II.    DISCUSSION

In deciding whether to stay a return order pending appeal, a court considers "(1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Chafin v. Chafin*, 133 S. Ct. 1017, 1027 (2013) (quotation marks and citations omitted).

Respondent argues that she is entitled to a stay.  Respondent argues first that she is likely to succeed on the merits of her appeal because Petitioner cannot establish custody rights under Guatemalan law or a breach of any such rights by Respondent's retention of SEM in the United States.  Respondent argues second that she will be irreparably injured absent a stay because she likely will be unable to enforce any relief this Court may order if she were to prevail on appeal.  Respondent argues third that a stay will not substantially injure any other party because Petitioner "just has to wait the legal process to run its course one more step." Doc. 32 at 3.  Respondent argues finally that the public interest lies in allowing her to use the courts to seek an equitable and final resolution of the petition.

Respondent's arguments fail to establish that she is entitled to the extraordinary remedy that she seeks.  To begin with, the Court disagrees that Respondent has set forth a "substantial case on the merits," *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).  The Court recognizes that Guatemalan law is not entirely clear as to the custodial rights of the parents outside of a marital

relationship. *See* Chapter VII of the Civil Code of Guatemala, Art. 252 ("Paternal authority over minors is exercised jointly by the father and the mother *in the marriage and union*; and by the father or the mother *in whom custody may the child be*, in any other case.") (emphases added). However, the Court disagrees that Art. 252 strongly suggests that the mere exercise of "custody" over a child automatically divests the other parent of any parental or custody rights. Further, the parties here, by agreement, exercised joint custody and care over SEM.

Absent a showing of clear error, Respondent can prevail upon her motion only if the balance of the other factors "weighs heavily in favor of granting the stay." *Garcia-Mir*, 781 F.2d at 1453 (quotation marks and citation omitted). The other factors do not so weigh. As Respondent acknowledges, if she were to prevail on appeal, she would be able to obtain a re-return order. It is not clear that Respondent would be unable to enforce, or that Petitioner would refuse to comply with, a re-return order, especially given the circumstances here, where Petitioner works for an American company. Further, a stay would substantially injure SEM, who would lose precious time to readjust to life in Guatemala, where she has resided her entire life prior to her removal to the United States. *Accord Mendoza v. Silva*, 987 F. Supp. 2d 883, 908-09 (N.D. Iowa 2013). Finally, although there is certainly a public interest in allowing parties fair access to the courts, there is also a public interest in the prompt and expeditious resolution of petitions for the return of children under the Hague Convention, *see Chafin*, 133 S. Ct. at 1026 ("both the Hague Convention and ICARA stress the importance of the prompt return of children wrongfully removed or retained). Moreover, as noted above, denying the stay would not preclude Respondent from seeking and/or obtaining relief from the courts, such as in the form of a re-return order. *See id.* at 1023 (an appeal of a return order is not rendered moot by the return of the child because "[the] dispute is still very much alive.").

3

Accordingly, it is hereby **ORDERED**:

1. Respondent Elexis Martinez Figueredo's Motion for Stay of Judgment Pending Appeal (Doc. 32) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 26, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any